Case 10-00405 Doc 15 Filed 07/13/10 Entered 07/15/10 09:45:44 Desc Main Document Page 1 of 2

10-00405:12.0:Proposed Findings of Fact and Conclusions of Law:Main Document Entered: 6/26/2010 12:38:37 PM by:Timothy Liou Page 1 of 2

UNITED STATES BANKRUPTCY COURT
For the Northern District of Illinois
Eastern Division

In re: MYRNA A. MAZARIEGOS, ) In a Chapter 13 proceeding
)
Debtor, ) Docket No. 10 B 00354
)
MYRNA A. MAZARIEGOS, ) Adversary No. 10 ap 405
)
Plaintiff, )
v. )
BANK OF AMERICA, )
) Judge Jack B. Schmetterer
Defendant. ) Trustee Tom Vaughn

## PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW

Myrna Mazariegos, ("Debtor" or "Plaintiff"), by and through her attorney, Timothy K. Liou, hereby states as follows *following entry of Default order*.

1. Plaintiff brought this action pursuant to 11 U.S.C. 506 (a), 506 (d), and Federal Rules of Bankruptcy Procedure Rules 3012 and 7001 (2) seeking to determine the value of Defendant's interest in Debtor's residential real estate and to determine the status of Defendant's claim.
2. This proceeding arises from the above-captioned Chapter 13 case under Title 11 of the U.S. Code. This court has both personal and subject matter jurisdiction to hear this case pursuant to section 1334 and 157(b)(2) of Title 28 of the United States Code.
3. This is a core proceeding and the Bankruptcy Court has jurisdiction to enter a final order.
4. Venue lies in this District pursuant to section 1391(b) of Title 28 of the United States Code.
5. Plaintiff filed the instant case, 10-00354, on January 6, 2010, under Chapter 13 of the U.S. Bankruptcy Code ("Code"), currently pending before this Court.
6. The Defendant, Bank of America is, upon information and belief, an entity engaged in the business of consumer credit lending in the State of Illinois, and which maintains a principal place of business in some state other than the state of Illinois.
7. The 341 Meeting of Creditors was held and adjourned on January 28, 2010.
8. The Plaintiff owns real property located on 5322 West Wolfram Street, Chicago, IL 60641, with a PIN number of 13-28-128-031-0000.
9. The Plaintiff's interest in her residential property is subject to a first lien from a mortgage held by Wells Fargo Home Mortgage.
10. The principal Balance on Wells Fargo's mortgage is approximately $279,472.84.
11. On information and belief, Defendant allegedly holds a second mortgage on the residential property.
12. That, on April 21, 2010 Bank of America filed an unsecured proof of claim for the lien on Debtor's Property.
13. That in said proof of claim, Bank of America claims to have lost all loan documents for their lien on Debtor's residence.

Case 10-00405    Doc 15    Filed 07/13/10    Entered 07/15/10 09:45:44    Desc Main
Document    Page 2 of 2

10-00405:12.0:Proposed Findings of Fact and Conclusions of Law:Main Document Entered: 6/26/2010 12:38:37 PM by:Timothy Liou Page 2 of 2

14. That the lien securing the second mortgage of Defendant is junior to the first mortgage owed to Wells Fargo.
15. At the time of filing the bankruptcy petition, and at the present time, the value of the property is $190,000.00. Plaintiff had an appraisal done on the property which suggested a price of $190,000.00, meaning that similar homes in the area would not sell for more than that amount.
16. Pursuant to section 506 (a), "an allowed claim of a creditor secured by a lien on property in which the estate has an interest,…is an unsecured claim to the extent that the value of such creditor's interest …is less than the amount of such allowed claim. Such value shall be determined in light of the purpose of the valuation and of the proposed disposition or use of such property, and in conjunction with any hearing on such disposition…"
17. Pursuant to section 506 (d), "to the extent that a lien secures a claim against the debtor that is not an allowed secured claim, such lien is void…"
18. Pursuant to section 1322 (b)(2) "the plan may modify the rights of holders of secured claims other than a claim secured only by a security interest in real property that is the debtor's principal residence…"
19. This Court decided in *In Re: Milliletti Forrest*, 410 B.R. 816 (September 16, 2009), that valuations of allegedly wholly unsecured junior mortgages are to be conducted through an adversary proceeding.
20. The United States District Court for the Northern District of Illinois in *In Re: Bettye Jean Holloway*, 2001 U.S. Dist LEXIS (October 16, 2001), decided that section 1322 (b)(2), does not protect secondary lien holders whose interest is not supported by some value in the residence and their claim must be determined to be at least partially secured under section 506 (a) to be protected from modification.
21. Further, in *In Re: Dinishia D. Waters*, 276 B.R. 879 (April 25, 2002), the United States Bankruptcy Court for the Northern District of Illinois, Eastern Division, decided that where a junior creditor's lien was wholly unsecured, it should be stripped off of the Debtor's residence and avoided if the Debtor performed under the confirmed plan and made all required payments.
22. There is no equity in the property and pursuant to section 506 (a), the Defendant has no allowable security interest in the claim for the second mortgage on the residential property.

~~Respectfully submitted by Timothy Liou~~ /s/ Timothy Liou, Attorney for Debtor

~~Law Office of Timothy K. Liou~~
~~Suite 361~~
~~575 West Madison Street~~
~~Chicago, IL 60661~~
~~A.R.D.C. 06229724~~
~~(312) 474-7000~~

July 13, 2010

JUL 13 2010